UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RIVER VALLEY HEIGHTS CORPORATION | : | C.A. No.: |
| And MERRICK WILSON | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| TOWNSHIP OF WEST AMWELL, | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiffs, River Valley Heights Corporation and Merrick Wilson, 1332 Moon Drive, Yardley, Pennsylvania, by way of Complaint, say:

### NATURE OF ACTION

1. This is a federal question action brought by the Plaintiffs seeking relief for damages sustained as a result of the Defendant's multiple violations of Plaintiffs' constitutional rights and other unlawful acts and/or omissions pertaining to parcels of real property owned by the Plaintiffs situated within the boundaries of the Township of West Amwell, County of Hunterdon, State of New Jersey.

2. There are also claims which are brought under common law and statutory causes of action which fall under the ancillary jurisdiction of the Court.

3. This is an action for money damages, declaratory and injunctive relief brought pursuant to 42 U.S.C. 1983, 1988, the Fifth Amendment to the United States Constitution and under laws of the State of New Jersey.

### PARTIES

4. Plaintiff River Valley Heights Corporation ("RVHC") is a New Jersey corporation.

1

5.  Plaintiff Merrick Wilson ("Wilson") is a citizen of the Commonwealth of Pennsylvania and resides at 1332 Moon Drive, Morrisville, Pennsylvania 19067.

6.  Defendant Township of West Amwell ("West Amwell") is a municipal corporation organized under the laws of the State of New Jersey, located in Hunterdon County, New Jersey.

**FACTS**

7.  RVHC is a New Jersey corporation owned by Wilson.

8.  RVHC owns the real property located at 2 Rocktown-Lambertsville Road (Block 8, Lot 51), West Amwell, New Jersey ("Property"). A map of the Property is attached as Exhibit "1".

9.  On December 5, 2018, the Township of West Amwell adopted Resolution Number 116-2018 Authorizing Execution of a Settlement Agreement with the Fair Share Housing Center (the "Settlement").

10. Pursuant to the Settlement the Township agreed to "secure title to the [Plaintiffs'] site, Block 8, Lot 51, prior to the entry of final judgment in this matter. The Township will transfer title to Habitat for Humanity for the construction of 4 units as soon as clear title for the property is secured. A copy of the *relevant* portions of the House Element & Fair Share Plan is attached as Exhibit "2".

11. By entering into such agreement the Township has effectively taken the Property without due compensation. The actions of the Township of West Amwell have, *for the past six years*, are and will continue to impose damages on the Plaintiffs.

12. On June 6, 2023, West Amwell offered Wilson $130,000.00 for the Property.

13. West Amwell's offer was based on two appraisals: the oldest occurred in March, 2019; the most recent in May, 2023.

14. Mr. Wilson did not accept West Amwell's offer because it does not represent the fair market value of the Property.

15. West Amwell's March 8, 2019 appraisal is based on the incorrect premise that the Property, consisting of 6.3 acres, can only contain one single family house.

16. This is contrary to and ignores West Amwell's own (and current) Housing Element and Fair Share Plan ("Plan"), dated November 20, 2019 that states on page 26: " The Township proposes to obtain Lot 51 in Block 8 at 2 Rocktown Lambertville Road, also known as the Wilson Site. The Township will then subdivide the 5.25 acre parcels into two parcels and donate the parcels to Habitat for Humanity. Habitat for Humanity intends to construct 2 three bedroom duplexes, a total of 4 units, on the properties ... Based up on the information above, the Wilson site is eligible for 4 [four] units." See Ex. 2.

17. The Plan unequivocally calls for four units on the Property.

18. Plaintiffs believe and aver that the primary goal of the March 2019 appraisal was to depress the value of the Property.

19. On June 13, 2024, West Amwell commenced by verified Complaint a condemnation action to acquire the Property through eminent domain in order to satisfy West Amwell's Fair Share Housing obligations. A copy of the Complaint, *Township of West Amwell v. River Valley Heights Corporation and Merrick Wilson,* Super. Ct. Hunterdon County, Docket No. HNT-L-248-24, is attached as Exhibit "3" and referenced as the "Hunterdon County Action".

20. West Amwell's Complaint relied on the same two appraisals as its June, 2023 offer. The May 2023 appraisal is attached to the Complaint initiating the Hunterdon County Action. See Ex. D within West Amwell's verified Complaint.

21. West Amwell's second appraisal of the Property is from 2019.

22. In addition to being stale, neither appraisal utilized actual property sales in Lambertville, the adjacent town that is less than one thousand feet from the Property.

23. Plaintiffs sought to dismiss the Hunterdon County Action on the basis that did not comply with *N.J.S.A.* §20:3-6.

24. On August 15, 2024, after briefing and oral arguments, the State trial Court denied Defendants' motion to dismiss.

25. On August 21, 2024, the State trial Court appointed three commissioners to examine and appraise the Property and determine the compensation to be paid to Plaintiff.

26. West Amwell under color of statute has subjected or caused to be subjected Plaintiffs to deprivation of their rights, privileges or immunity secured by the Constitution in that of West Amwell has taken the property of the Plaintiffs without due compensation.

**COUNT ONE 42 U.S. C. § 1983**

27. Plaintiffs repeat and republish the forgoing paragraphs as if set forth at length herein.

28. West Amwell under color of statute has deprived Plaintiffs of their rights, privileges or immunity secured by the Constitution in that it has effectively taken Plaintiffs' Property without due compensation when, On December 5, 2018, West Amwell adopted the Settlement.

29. Pursuant to the Settlement the Township agreed to "secure title to the [Plaintiffs'] site, Block 8, Lot 51, prior to the entry of final judgment in this matter. The Township will transfer title to Habitat for Humanity for the construction of 4 units as soon as clear title for the property is secured.

30. By entering into such agreement the Township has effectively taken the property of the Plaintiffs without due compensation.

31. The actions of the Township of West Amwell have, are and will continue to impose damages on the Plaintiffs.

WHEREFORE Plaintiffs demand judgment for:

A. Temporarily and permanently retraining and enjoining the Township of West Amwell from taking any action in respect to Plaintiffs' property.

B. Temporarily and permanently restraining and enjoining the Township of West Amwell from taking an action to condemn the property of Plaintiffs.

C. Damages;

D. Attorneys' fees and costs of suit; and,

E. Such other relief as the Court deems just and equitable.

## COUNT TWO – SPOT ZONING

32. Plaintiffs repeat and republish the forgoing paragraphs as if set forth at length herein.

33. Generally define, "spot zoning" is a municipal entity's use of the statutory zoning power to benefit particular private interests rather than to benefit the collective interests of the community as a whole. More specifically "spot zoning" is zoning which disregards the requirements

of *N.J.S.A.* 40: 55-32 that all municipal land regulation be accomplished in accordance with a comprehensive Master Plan to promote the general welfare of the community as a whole. Otherwise described, "spot zoning" is where an existing comprehensive zoning ordinance

disregarded solely to benefit a particular property owner, for under such circumstances the approvals and permission given is not enacted based upon a statutorily recognized proper planning purpose. *See Taxpayers Association of Weymouth v. Weymouth Township*, 80 N.J. 6, 19 (1976), *cert. denied* 430 U.S. 977 (1977); *Riya Finnegan, L.L. C. v. Township of Council of the Township of South Brunswick*, 197 N.J. 184 (2008).

34.     The actions of the defendants in planning and enacting the challenged Resolution in totality of fact and context constitutes "spot zoning" Which is prohibited under the Municipal Land Use Law, *N.J.S.A.,* 40:55D, *et seq.*

WHEREFORE, Plaintiff hereby demands judgment against defendant as follows:

A.      Judgment pursuant to the New Jersey Declaratory Judgments Act, N.J. S. A. 2A: 16-50 et seq., the New Jersey Municipal Land Use Law, *N.J. S.A.* 40:55D, *et seq.* ("MLUL"), declaring that the actions of defendant constitutes prohibited "spot zoning' in violation of the MLUL and is therefore is illegal, invalid, void, unenforceable and a nullity; and,

B.      Judgment awarding such further relief as the Court deems fair, just and equitable.

                                            **Rothberg, Federman & Hollister, P.C.**
By:*/s/ Michael T. Hollister*
      Michael T. Hollister
      Attorney ID 007392003
      3103 Hulmeville Road
      Suite 200
      Bensalem, PA 19020
      215-244-4224
      mhollister@rfh.law
      Attorney for Plaintiffs

Dated: October 21, 2024.

## VERIFICATION

I, MERRICK WILSON, of full age, being duly sworn according to law, on his oath deposes and states:

1. I am a plaintiff in the foregoing Complaint.
2. I am the sole shareholder of River Valley Heights Corporation.
3. I have read the foregoing Complaint and am familiar with the contents thereof.
4. The allegations set forth in the Complaint are true to the best of my knowledge and belief.

I hereby certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Merrick Wilson

Dated: 10/01/2024